UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**Edward Clemmons,**
    **Plaintiff,**

    vs.                                    07-1099

**Roger Walker, et al.,**
    **Defendants.**

### ORDER

The plaintiff, Edward Clemmons, currently incarcerated at the Pontiac Correctional Center by the Illinois Department of Corrections has filed a lawsuit pursuant to 42 U.S.C. Section 1983 against Roger E. Walker, Jr., Sherry Benton, Eddie Jones, Guy Pierce, all employees of the Illinois Department of Corrections. He also names as defendants, Henry Bayer, AFSCME Executive Director; Justin DeJong, Spokesman for CMS; and Michael M. Rumman, Director of Illinois Department of Central Management Service.

The plaintiff complains that he is being exposed to second hand smoke. He claims he is a non-smoker, held in protective custody and is housed between two areas where smoking is allowed and the smoke drifts to his area and he sometimes has to walk through this smoke. He claims he is in imminent danger from the second hand smoke. Further, the plaintiff advises the court in his complaint and during the merit review conference that he has filed more than 30 civil lawsuits. During the merit review, the plaintiff advised the court that at least three of his civil lawsuits were dismissed as frivolous.

The court is required by 28 U.S.C. §1915A to screen the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b). Incarcerated plaintiffs are barred from proceeding in forma pauperis if they have "on 3 or more occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury." 28 U.S.C. Section 1915(g).

28 U.S.C. § 1915(g) states that "in no event shall a prisoner bring a civil action . . . under this section . . . if the prisoner has . . . [three strikes] . . ., unless the prisoner is under imminent danger of serious physical injury." The court has reviewed the plaintiff's complaint and considered statements he made during the merit review conference. This court finds that the

plaintiff is not under imminent danger of serious physical injury. Therefore, he must pay the

1

filing fee of $450 before he can proceed with his lawsuit.

**It is therefore ordered:**

1. **The court's May 2, 2007 order granting the plaintiff's petition to proceed ifp is vacated. As the plaintiff had three prior civil lawsuits dismissed as frivolous, he is barred from proceeding in forma pauperis. Further, the court finds the plaintiff is not in imminent danger. Pursuant to 28 U.S.C. § 1915(g), the plaintiff's petition to proceed in forma pauperis [1] is denied. The plaintiff's lawsuit is dismissed, without prejudice, for failure to pay the filing fee in full. The clerk of the court is directed to terminate this lawsuit in its entirety.**
2. **Although his lawsuit is dismissed, he is still obligated to pay the filing fee. See 28 U.S.C.A. § 1915(b)(1). The trust fund officer at the plaintiff's current place of incarceration is authorized and ordered to collect, when funds exist from the plaintiff's trust fund account and pay it directly to the clerk of court. The agency having custody of the plaintiff shall make monthly payments of 20 percent of the preceding month's income credited to the plaintiff's account. The agency must forward payments from the plaintiff's trust fund account to the Clerk of Court each time the plaintiff's account exceeds $10.00 until the statutory filing fee is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.**
3. **The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the trust fund office. Release from incarceration does not relieve the plaintiff's obligation to pay the filing fee in full. The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.**
4. **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another strike under 28 U.S.C. 1915(g).**

**Enter this 2nd day of May 2007.**

s\Harold A. Baker

_____
Harold A. Baker
United States District Judge